UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN PAUL GEIS, | Civil No. 05-2916 (DWF/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| R.L. MORRISON, Warden, | |
| Respondent. | |

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) Petitioner claims that the Bureau of Prisons, ("BOP"), has wrongly determined the date when he should be transferred from prison to a Community Corrections Center, ("CCC"). Respondent has filed a response to the petition, (Docket No. 6), contending that Petitioner's CCC transfer date has been properly determined, and that he is not entitled to any relief in this case. Petitioner has also filed a Motion to Consolidate, (Docket No. 9), his case with the matter of Ragsdale v. Caraway, Civ. No. 05-1596 (MJD/JJG) (D. Minn. Jan. 6, 2006), and has requested that his case be expedited.

The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that Petitioner's CCC assignment date has not been properly determined. The Court recommends that Petitioner be granted a writ of habeas corpus and that the BOP be required to immediately reconsider Petitioner's CCC assignment date in light of the criteria

set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21. The Court further recommends that Petitioner's Motion to Consolidate and his request for expedition be denied.

## I.     BACKGROUND

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota. He is serving a nine-month federal prison sentence that was imposed on November 9, 2005, following his conviction in the United States District Court for the District of Minnesota for failure to file income tax returns in violation of 26 U.S.C. § 7203. If Petitioner earns all available good time credits, he will be released from prison on August 7, 2006. However, he will be eligible for a transfer to a CCC at some time prior to this release date. Petitioner and Respondent disagree about when Petitioner will be eligible for such a transfer.

Respondent contends that Petitioner is not eligible for a CCC assignment until the last ten percent of his prison term, which, according to the BOP's calculations, will not occur until July 12, 2006. (Gov't Response at 6.) Petitioner, on the other hand, contends that the BOP is obligated to review his particular needs and circumstances, and make an individualized determination of whether he should be released to a CCC for a period of up to six months – or as early as February 7, 2006 – so as to assure that he "is given ample opportunity to re-adjust to society in a truly meaningful way." (See Petitioner's Response in Favor of Mot. at 1; Pet. ¶¶ 15, 16.) Thus, Petitioner's habeas corpus petition challenges the process by which the BOP determined his CCC eligibility date.

## II.    DISCUSSION

A.   **Procedural Issues Raised by the Parties**

Before addressing the merits of this case, it is necessary for this Court to take up two procedural arguments made by the parties. First, Respondent contends that this action should be summarily dismissed because the relief that Petitioner is seeking here is not available by means of a habeas corpus petition. (Gov't Response at 8.) The applicable "general rule" supports Respondent's argument, because the federal habeas corpus statutes normally can be used only to challenge the fact or duration of a prisoner's confinement, and not the conditions of his confinement. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy"). See also Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004) (prisoners may not use § 2241 to challenge CCC placement policies, because such challenges pertain to conditions of confinement). In this case, Petitioner is not challenging the fact or duration of his confinement; he is challenging only the policies used to determine the proper place of his confinement.

However, as Petitioner has correctly pointed out, the Eighth Circuit did entertain a § 2241 habeas corpus action challenging a CCC placement policy. See Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004). Of even more significance, the Eighth Circuit recently decided Fults v. Sanders, No. 05-3490, 2006 WL 870745 (8th Cir. Apr. 6, 2006), another § 2241 habeas corpus action that raised the exact same issues as the present case. Although the Court of Appeals in both Elwood and Fults did not explain why the prisoner should be allowed to challenge the place of his confinement in a habeas corpus action, the prisoners' claims were nevertheless decided on the merits. This Court cannot find any material distinction between

3

these two cases and the case at bar that would explain why Petitioner should not be barred from challenging a CCC placement policy in a habeas corpus action, while the prisoners in Elwood and Fults were permitted to raise their similar claims in a habeas petition. See also Knish v. Stine, 347 F. Supp. 2d 682, 686 (D. Minn. 2004) ("[s]ince the Eighth Circuit has recently decided [a] similar § 2241 claim on the merits [in Elwood], jurisdiction is presumed, and this Court is now obligated to exercise jurisdiction over Knish's petition for § 2241 habeas corpus relief").

The Court also notes that many other courts have allowed prisoners to challenge CCC placement policies in § 2241 habeas cases. See e.g., Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005) (holding that a challenge to the February 2005 Rules is a proper challenge to the "execution" of a prisoner's sentence, and that habeas jurisdiction lies under § 2241). Pimentel v. Gonzales, 367 F. Supp. 2d 365, 370 (E.D.N.Y. 2005); Franceski v. Bureau of Prisons, NO. 04 CIV. 8667(LBS), 2005 WL 821703, at * 3-4 (S.D.N.Y. Apr. 8, 2005); Harris v. Fed. Bureau of Prisons, No. Civ.A.05-323 RBK, 2005 WL 2562970, at *2 (D.N.J. Oct. 6, 2005); Jennings v. Sanders, No. 2:05CV00209 HDY, 2005 WL 2589181 (E.D. Ark. Oct. 13, 2005). These cases, together with Elwood and Fults, lead the Court to conclude that Petitioner should be allowed to challenge the BOP's CCC placement policies by a petition for writ of habeas corpus.

Second, Petitioner has moved to consolidate this case with another case in this District, Ragsdale v. Caraway, Civ. No. 05-1596 (MJD/JJG) (D. Minn. Jan. 6, 2006).[1]  When

---

[1] Petitioner, in his Motion to Consolidate, dated January 27, 2006, moved only for consolidation. In Respondent's opposition to that motion, filed February 7, 2006, (Docket No. 10), Respondent not only opposed consolidation, but also expediting of this case for decision. Petitioner, in his response dated February 11, 2006, (Docket No. 11), then, for the first time, requested that this Court expedite his case. As this Court is recommending that Petitioner be

4

cases are at different stages of litigation, consolidation may properly be denied. Mills v. Beech Aircraft Corp., 886 F.2d 758, 762 (5th Cir. 1989); cf. Kramer v. Boeing Co., 134 F.R.D. 256, 259 (D. Minn. 1991) (holding that, even though two cases present common questions of fact and law, "it makes no sense, and serves no purpose, to consolidate a settled case with an active one"). Petitioner's case is still in the initial stages of litigation, while the District Court granted Ragsdale's petition for a writ of habeas corpus on January 6, 2006. In light of the fact that the cases are at different stages of litigation, this Court denies Petitioner's motion to consolidate his case with Ragsdale.[2]

The Court will now examine the merits of Petitioner's claim that the BOP should be ordered to consider placing him in a CCC prior to October 12, 2006.[3]

### B.   Impact of Eighth Circuit's Decision in Fults v. Sanders Petition

Fults, like the present case, involved a federal prisoner who challenged, pursuant to a habeas corpus petition, the validity of the BOP's policy as set forth in 28 C.F.R. §§ 570.20 and .21, on CCC placement towards the end of a prisoner's sentence. These regulations, which

---

granted a writ of habeas corpus, the issue of expedition is moot.

[2]   In response to Petitioner's Response in Favor of Motion to Consolidate and Expedite, Respondent opposed consolidating the present case with the Fults case. Given the previous papers submitted by both parties regarding this issue, the Court assumes that Respondent was referring to Ragsdale and not Fults.

[3]   In its response, Respondent indicated that Petitioner had not completed the administrative remedy process to seek review of his CCC eligibility date. (Gov't Response at 6-7.) Although Respondent did not expressly argue for dismissal due to this fact, this Court notes that Petitioner would be excused from exhaustion in this case as such a process would be futile. See e.g., Woodall, 432 F.3d at 239 n.2 (holding that because such efforts would be futile, "the purpose of exhaustion would not be served here by requiring [Petitioner] to exhaust his administrative remedies"); Stonecipher v. Caraway, Civ. No. 05-2161 (JRT/JSM) at 3 (D. Minn. Jan. 20, 2006) (Order adopting Report and Recommendation) (concluding that exhaustion would be futile because "Petitioner is challenging a policy that BOP has steadfastly

took effect in February of 2005, limited the amount of time federal prisoners could be eligible for placement in a CCC to the lesser of the last ten percent or six months of their sentence. Federal prisoners across the country, including many within the Eighth Circuit, soon began challenging the validity of these regulations through habeas corpus petitions. Fults is the first case to address the validity of these regulations by the Eighth Circuit. In that case, the District Court for the Eastern District of Arkansas invalidated the BOP's new policy on the basis that it conflicted with the statutory directives of 18 U.S.C. § 3621(b), and the BOP appealed the decision. See Fults v. Sanders, 2:05cv0091 (E.D. Ark. July 22, 2005).

The Eighth Circuit has now issued its decision in the Fults case, affirming the district court's ruling and holding that the BOP's policy conflicts with § 3621(b) and is invalid.[4] Fults, 2006 WL 870745 at *3. Therefore, based on the Eighth Circuit's decision in Fults, the Court finds that Petitioner is entitled to a writ of habeas corpus The Court will recommend that Petitioner be granted a writ of habeas corpus directing the BOP to immediately reconsider the date when Petitioner should be assigned to a CCC in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21.

**IV.   RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,

---

defended").

[4] In its response to this Petition, the Respondent stated that if the Eighth Circuit invalidated 28 C.F.R. §§ 570.20 and .21, the BOP would "alter its practice within the Circuit." (Gov't Response at 10).

(Docket No. 1), be GRANTED, and that Respondent be directed to immediately reconsider the date when Petitioner should be assigned to a CCC in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21. In this regard, in the event that the District Court issues an order adopting this Report and Recommendation, Respondent's decision shall be filed with the Court within twenty-one (21) days of the filing of that Order.

Dated: April 17, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 4, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.