## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Steven Paul Geis,                                                           Civil No. 05-2916 (DWF/JSM)

                   Petitioner,

v.                                                                     **ORDER AND MEMORANDUM**

Warden R. L. Morrison, Duluth Federal
Prison Camp; Duluth Federal Prison
Camp; and The Federal Bureau of Prisons,

                   Respondent.

---

Steven Paul Geis, *Pro Se*, Petitioner.

John Docherty, Assistant United States Attorney, United States Attorney's Office, counsel for Respondents.

---

The above-entitled matter is again before the Court, this time upon Petitioner's self-styled motion "To clarify the Court's Order" or, alternatively, "[t]o hold the Respondents in Contempt [of Court] for . . . failing to comply with the Court's Order [of May 16, 2006]."

Based upon the Government's "Notification of Reconsideration of Petitioner's Application for Residential Reentry Center (RRC) Placement," and based upon the presentations of all parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      The Respondent is **again** directed to immediately reconsider the date when Petitioner should be assigned to a CCS in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21.  In the event it is the Respondents' position that they have reconsidered it, as noted in their notification to the Court, then the Court directs that Respondent articulate their evaluation of the factors set forth in 18 U.S.C. § 3621(b) demonstrating how the Bureau of Prisons (BOP) exercised their discretion "on an individual basis." *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006).

Dated:  July 3, 2006                    s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                Judge of United States District Court

**MEMORANDUM**

It may well be that the BOP exercised discretion, "on an individual basis" as contemplated by *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006).  However, the affidavit of David Baker focuses only on the issue of so-called "stacking" and the fact that a home confinement period of 120 months far exceeds any RRC placement amount that the BOP would consider with an inmate who has a nine-month sentence.  These considerations are not tantamount to an exercise of discretion, utilizing the factors of Section 3621(b).  Admittedly, the BOP has already informed the Petitioner that he will be placed on home confinement on August 7, 2006, upon his release from BOP custody.  Apart from the

reasonableness of Petitioner's request, the fact remains that this Court and the BOP are obliged to act consistent with *Faults v. Sanders*.

The Court declines to find that the Respondents deliberately failed to comply with the Order of the Court and the mandate of *Faults v. Sanders*. Consequently, the Court declines to consider the issue of contempt.

D.W.F.